IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAYERS CONSTRUCTION, LLC,
*The United States of America for the use and benefit
of Sayers Construction, LLC,*

                Plaintiff,

v.                                     Case No. 2:16-cv-02086-JTM-KGS

WESTERN SURETY COMPANY;
WEAVER CONTRACTING, INC.; and
POWERSECURE, INC.,

                Defendants.

## MEMORANDUM AND ORDER

This action stems from a construction project at McConnell Air Force Base in Wichita, Kansas, pursuant to a contract between the United States and defendant Weaver Contracting. Weaver, as principal, and Western Surety, as surety, executed and delivered a payment bond to the United States as required by the Miller Act, 40 U.S.C. § 3131(b)(2). Weaver allegedly subcontracted with defendant PowerSecure, which in turn subcontracted with plaintiff Sayers Construction for labor and materials on the project. Sayers alleges that it completed its work under the contract but has not been paid an outstanding balance of $299,716.97.

PowerSecure now moves for judgment on Count IV of the complaint, which asserts a claim under the North Carolina Prompt Payment Act (NCPPA). PowerSecure points out that the provision cited by Sayers applies, with one exception not relevant here, to public construction projects "which are let by a board or governing body *of the*

*State government* or any political subdivision thereof…." N.C. Gen.Stat. § 143-134.1. [emphasis added]. According to the complaint, the contract was let by the United States. PowerSecure thus argues Count VI fails to state a claim on which relief can be granted. Dkt. 26 at 3-4. Undaunted, Sayers resorts to Black's Law Dictionary to argue that the statute is ambiguous because "the State" may "refer either to a body politic of a nation (e.g. United States) or to an individual governmental unit of such nation (e.g. California)." Dkt. 27 at 2.

The court is unconvinced that the North Carolina legislature used the term "the State government" to mean the United States government. It is one thing to say a reference of this sort might be ambiguous in the context of a federal law creating a system of governmentally-sponsored health insurance exchanges, *e.g., King v. Burwell*, 135 S.Ct. 2480, 2491 (2015), but nothing in the North Carolina statute suggests any purpose to regulate contracts let by the United States. As used in N.C. Gen.Stat. § 143-134.1, the only reasonable construction of "the State government" is that it means the government of the State of North Carolina. PowerSecure's motion for judgment on this count will therefore be granted.

Sayers makes an alternate request that it be allowed to amend Count IV. Dkt. 27 at 3. But as defendant points out, Sayers has not complied with the local rules governing motions to amend, and the suggestion by Sayers that some other provision of the NCPPA provides a remedy is not clearly explained.

**IT IS THEREFORE ORDERED** this 6th day of September, 2016, that defendant PowerSecure, Inc.'s Motion for Judgment on the Pleadings (Dkt. 25) is GRANTED as to Count IV of the complaint.  Count IV is hereby dismissed.

_____s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE