IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAYERS CONSTRUCTION, LLC,
*The United States of America for the use and benefit*
*Of Sayers Construction, LLC,*

      Plaintiff,

v.                                                           Case No. 2:16-cv-02086-JTM-KGS

WESTERN SURETY COMPANY;
WEAVER CONTRACTING, INC.; and
POWERSECURE, INC.,

      Defendants.

**MEMORANDUM AND ORDER**

Plaintiff's Amended Complaint (Dkt. 38) alleges that Sayers Construction is entitled to payment for labor and materials provided pursuant to a subcontract on a federal project at McConnell Air Force Base in Wichita. Defendant Weaver was the prime contractor on the project, Western was its surety, and PowerSecure was subcontracted to do a portion of the work. PowerSecure in turn subcontracted with Sayers.

Sayers alleges that it completed its work under the contract on February 6, 2015, and that it is still owed $299,716.97. Dkt. 38 at 3. It seeks to recover from Weaver and Western pursuant to the Miller Act, 40 U.S.C. § 3133 (Count I), from PowerSecure for breach of contract (Count II), from PowerSecure and Weaver under a theory of quantum meruit (Count III); and from PowerSecure under the North Carolina Prompt Payment Act (Count IV).

The defendants move for summary judgment on Counts I and III of the Amended Complaint. Dkt. 40. The motion alleges that defendants are entitled to summary judgment as to Count I because of a failure of proper notice and because plaintiff's Miller Act claim was filed beyond the one-year statute of limitation in 40 U.S.C. § 3133(b)(4). PowerSecure alleges that it is entitled to summary judgment as to Count III, the quantum meruit claim, because the parties had an express contract. Weaver contends it is entitled to judgment on Count III because there is no evidence that it retained a benefit from Sayers and because these parties had no relationship giving rise to such a claim.

Defendant's motion was filed on November 4, 2016. Plaintiff has not filed a response and the time for doing so has now expired. Ordinarily, if a response is not filed within the time permitted by the rules, the court will consider and decide a motion as uncontested, and it will be granted without further notice. D. Kan. R. 7.4(b).

The court will grant the motion for partial summary judgment. Defendants allege and cite evidence that PowerSecure terminated the contract with Sayers on January 22, 2015, with an effective date of January 25, 2015, and that Sayers did not perform any work after January 25, 2015. Dkt. 41 at 4-5. Sayers filed this lawsuit on February 5, 2016. Although the Amended Complaint alleges that Sayers completed its work on February 6, 2015, in the absence of any evidence to support that allegation the defendants are entitled to summary judgment on Count I based on the one-year statute of limitations. 40 U.S.C. § 3133(b)(4). As to Count III, the quantum meruit claim, both Kansas and North Carolina law hold as a general matter that quantum meruit is not available when

2

the parties have an express contract covering the subject matter on which the claim is based. *Ron Medlin Constr. v. Harris*, 364 N.C. 577, 580, 704 S.E.2d 486, 489 (2010) (quantum meruit "is not an appropriate remedy when there is an actual agreement between the parties"); *Wolfert Landscaping Co., LLC v. LRM Indus., Inc.*, 287 P.3d 300 (Table), 2012 WL 5392143, * (Kan.App. Nov. 2, 2012) ("quantum meruit is not available when an express contract addresses the obligations of the parties").

**IT IS THEREFORE ORDERED** this 13th day of December, 2016, that defendants' Motion for Partial Summary Judgment (Dkt. 40) is GRANTED. Counts I and III of the Amended Complaint are hereby dismissed.

                                                  ___s/ J. Thomas Marten_____
                                                  J. THOMAS MARTEN, JUDGE